```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

DIANE VON FURSTENBERG STUDIO,      )
                                   )
          Plaintiff,               )
                                   )           1:06cv1356(JCC)
     v.                            )
                                   )
CATHERINE SNYDER d/b/a CATHY 3254  )
d/b/a KATRINKA3254@VENIO.COM d/b/a )
KATRINKA 3254@MAILSTEP.COM d/b/a   )
FAIRFAX TRADING CO.; JOHN DOES     )
1-15 AND XYZ CORPS. 1-15,          )
                                   )
          Defendants.              )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendants' motion to dismiss. For the following reasons, the Court will deny Defendants' motion.

### I.  Background

This case arises out of alleged counterfeiting, trademark, and trade dress infringement. Plaintiff Diane Von Fursterberg Studio ("DVF") is a designer and producer of high-quality dresses and women's apparel. DVF products are identified by DVF's federally registered trademarks ("DVF Marks"). Plaintiff alleges that Defendants Catherine Snyder, d/b/a Cathy 3254, d/b/a Katrina3254@vendio.com, katrina3254@mailstep.com, d/b/a Fairfax Trading Co., and various unidentified individuals and corporations (collectively "Defendants") are manufacturing,

importing, distributing, and selling counterfeit DVF dresses ("Counterfeit Products") without consent or authorization, and importing, exporting, distributing, promoting, selling, and offering for sale the Counterfeit Products through an eBay account in the name of cathy3254 ("Website").  As part of its investigation, Plaintiff purchased a dress bearing DVF marks from the Website.  Plaintiff identified the dress as counterfeit by the marks and label, and identified a Herndon, Virginia location as the source of the counterfeit goods.  Plaintiff then filed suit and moved this Court for a temporary restraining and seizure order ("TRO"), order restraining the transfer of assets, order sealing the file, order for expedited discovery and preliminary injunction.  On December 7, 2006, this Court granted the motion and issued the requested order ("the Order").  On December 8, 2006, the Order was executed upon Defendants' address in Herndon, Virginia, and Plaintiffs seized a number of dresses bearing DVF marks, along with a computer and financial records.  On December 21, 2006, this Court issued a preliminary injunction against Defendants, and unsealed the case.  On January 8, 2007, Defendants filed an answer to the complaint.  On May 4, 2007, Defendants filed a motion to dismiss for failure to state a claim.  This motion is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

### III. Analysis

A) <u>Untimeliness of Motion</u>

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim "shall be made before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b)(6). Defendants answered the complaint on January 8, 2007, and waited until four months later

to file a motion to dismiss.[1]  Accordingly, Defendants' motion is untimely and will be denied.

    B)   <u>Motion to Dismiss</u>

        1) <u>Sufficiency of the Complaint</u>

Plaintiff pled in its complaint that it owns and maintains exclusive rights to numerous U.S. trademarks and copyrights, and that Defendants have engaged in knowing and wilful acts of counterfeiting and trademark infringement.  Thus, the complaint adequately alleged causes of action under the Lanham Act.[2]  Defendants' motion does not address the adequacy of the complaint, but rather focuses on the legal issue of damages. This presents the Court with insufficient grounds for a 12(b)(6) motion.  Accordingly, Defendants' motion to dismiss will be denied.

        2) <u>Merits of Motion</u>

Notwithstanding the untimeliness of Defendants's motion, the two grounds for dismissal stated in the motion to dismiss are also insufficient.  Defendants first argue that Plaintiff is not entitled to monetary relief because it "failed to give Defendants notice by displaying with the mark 'Registered

---

[1] Plaintiff also raises the issue that Defendants never made a good faith effort to meet and confer with DVF to discuss the motion to dismiss in order to narrow the area of disagreement or discuss a mutually agreeable hearing date.

[2] Defendants did not address the claims for common law unfair competition ("Count IV") or violations of the Virginia False Advertising Statute ("Count V").

in U.S. Patent and Trademark Office' or 'Reg. U.S. Pat & Tm. Off.' or the letter R enclosed with a circle."  (Def.'s Mot. ¶6). Defendants cite to 15 U.S.C. §§ 1111 and 1117 to support this argument.  However, an examination of the complaint reveals plainly and clearly that Plaintiff's claims are based upon alleged counterfeiting under 15 U.S.C. § 1114.

A counterfeit mark is found where "the mark is registered on the principal register of the Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, *whether or not the person against whom relief is sought knew such mark was so registered*."  15 U.S.C. § 1116(d)(1)(B)(i)(emphasis added).  While the Fourth Circuit has not opined on the question of whether counterfeiting is an infringement action requiring notice or actual knowledge pursuant to § 1111, the Eastern District of Pennsylvania has been afforded opportunity to examine this issue.  *Playboy Enters., Inc. v. Universal Tel-A-Talik, Inc.,* 1999 WL 285883 (E.D. Pa. 1999).  In that case, the court found that, in the context of counterfeiting, the language of § 1116(d)(1)(B)(i) controls over the statutory notice requirement for the recovery of damages. *Id; see also,* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 19:144 (4th ed. 2007).

As basis for this decision, the court reasoned that, while counterfeiting is included and described as a form of

infringement under 15 U.S.C. § 1114(1)(a), a reading of the various statutory sections as a whole could only lead to the conclusion that Congress intended to construe counterfeiting as a subset of infringement, requiring no notice of the registration of the mark.  *Id.* (citing 15 U.S.C. § 1116(d)(1)(B)(I)).  The court further reasoned that "[t]o read the remedy of § 1117(c) into the notice requirements of § 1111 would render § 1116(d)(1)(B)(I) superfluous and would be contrary to proper statutory construction."  *Id.*  Ultimately, the court allowed an alternative route to damages and a lesser degree of required notice, concluding that Congress intended to recognize that counterfeiting represents a greater evil than ordinary infringement.  *Id.*  This Court agrees with the Eastern District of Pennsylvania's reasoning, and thus concludes that Plaintiff is not required to show notice of registration in order to recover damages for counterfeiting.  Accordingly, Defendants' motion to dismiss would fail on its merits, were the Court to reach them.

Finally, Defendants move to dismiss on the ground that "Plaintiff has already received permanent injunctive relief against Defendants...and is not able to recover monetary damages under the rule of law."  (Def.'s Mot. ¶7).  This statement is simply not true.  While the Court issued a preliminary injunction on December 21, 2007, the injunction is temporary relief granted only for the duration of this litigation.  (December 21, 2006

Order at 6)(stating "this Preliminary Injunction shall remain in effect until the disposition of this action unless otherwise modified or removed by the Court prior thereto").  Thus, no permanent injunction has been issued, as the merits of the case have yet to be determined, and Defendant's motion will be denied on this ground.

### IV.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim will be denied.


June 25, 2007                     _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                                 UNITED STATES DISTRICT COURT JUDGE