```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

DIANE VON FURSTENBERG STUDIO,    )
                                 )
        Plaintiff,                )
                                 )        1:06cv1356(JCC)
        v.                        )
                                 )
CATHERINE SNYDER and              )
RICHARD SNYDER                    )
                                 )
        Defendants.               )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion for Involuntary Dismissal with Prejudice or Motion for a New Trial. For the following reasons, the Court will DENY Defendant's Motion.

### **I.  Background**

This case arises out of alleged counterfeiting, trademark, and trade dress infringement. Plaintiff Diane Von Furstenberg Studio ("DVF") is a designer and producer of high-quality dresses and women's apparel. DVF products are identified by DVF's federally registered trademarks ("DVF Marks"). Plaintiff alleged that Defendants Catherine Snyder, d/b/a Cathy 3254, d/b/a Katrina3254@vendio.com, katrina3254@mailstep.com, d/b/a Fairfax Trading Co., and Richard Snyder (collectively "Defendants") manufactured, imported, distributed, and sold counterfeit DVF dresses ("Counterfeit Products") without consent

1

or authorization, and imported, exported, distributed, promoted, sold, and offered for sale the Counterfeit Products through an eBay account in the name of cathy3254 ("Website"). As part of its investigation, Plaintiff purchased a dress bearing DVF marks from the Website. Plaintiff identified the dress as counterfeit by the marks and label, and identified a Herndon, Virginia location as the source of the counterfeit goods. Plaintiff then filed suit and moved this Court for a temporary restraining and seizure order ("TRO"), order restraining the transfer of assets, order sealing the file, order for expedited discovery and preliminary injunction. On December 7, 2006, this Court granted the motion and issued the requested order ("the Order"). On December 8, 2006, the Order was executed upon Defendants' address in Herndon, Virginia, and Plaintiffs seized a number of dresses bearing DVF marks, along with a computer and financial records. On December 21, 2006, this Court issued a preliminary injunction against Defendants, and unsealed the case. On January 8, 2007, Defendants filed an answer to the complaint. On May 4, 2007, Defendants filed a motion to dismiss for failure to state a claim which this Court denied on June 25, 2007. On August 15, 2007, Plaintiff filed a Motion for Summary Judgment on its claims of advertising, selling, and offering for sale counterfeit dresses and requesting a permanent injunction, statutory damages, attorneys fees, and the release of counterfeit dresses to DVF.

This Court granted summary judgment to the Plaintiffs on September 10, 2007, for the counterfeiting claims of trademark infringement, unfair competition and trademark dilution, and awarded a permanent injunction.  The Motion was denied as to the contributory infringement, damages, and attorney's fees claims.  On September 20, 2007, Defendant filed a Motion to Voluntarily Dismiss Certain Claims.  The Court granted the Motion and dismissed, with prejudice, Plaintiff's claims regarding Defendants' willfulness and Defendant Richard Snyder's contributory infringement, leaving Defendant Catherine Snyder as the only remaining Defendant and statutory damages the only remaining claim in the case.

In a Supplemental Brief in Support of Motion to Voluntarily Dismiss Certain Claims, filed September 24, 2007, Plaintiff requested an award of statutory damages and attorneys fees and the removal of the case from the trial docket upon determination that no remaining issues required a jury's determination of fact.  In response, on September 25, 2007, Defendant filed a Reply to and a Declaration in Opposition to Plaintiff's Motion, arguing that any amount of damages or attorney's fees would be inappropriate in this case.  A Bench Trial was held on Monday, October 1, 2007, to resolve Plaintiff's remaining claims of statutory damages and attorneys fees.  Before the Court had issued its ruling, Defendant filed a Motion for

Involuntary Dismissal with Prejudice or Motion for a New Trial. This Motion is currently before the Court.

## II. Standard of Review

Rule 41(b) of the Federal Rules of Civil Procedure gives district courts discretion to dismiss an action if Plaintiff fails to prosecute, abide by the Federal Rules, or comply with a Court order.  The Fourth Circuit requires that the District Court consider four factors before enacting the severe sanction of dismissing a case under Rule 41(b): "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990).  The District Court's order is reviewed for abuse of discretion. *O'Neal v. Cook Motorcars*, 1998 U.S. Dist. LEXIS 10180 (D. Md. 1998)*, see also Parks v. Huff*, 1992 U.S. App. LEXIS 1550, 3-4 (4th Cir. 1992)*.*

A new trial may be ordered if the verdict (1) is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent direction of a verdict.  *See O'Bright v. John's Towing Serv., Inc.,* 9 Fed. Appx. 228, 230-231 (4th Cir. 2001);

*Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). The first two prongs of the standard apply to the review of "jury determinations of factual matters such as liability on a cause of action, liability for compensatory and punitive damages, and the amount of compensatory damages." *Atlas Food Sys. & Servs., Inc. v. Crain Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996). In the case of a bench trial, Rule 59(a)(2) holds that a "new trial may be granted ... for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." Fed. R. Civ. Pro. 59(a)(2). The Rule "has been interpreted as allowing a new trial to be granted in a non-jury action only if a new trial might be obtained under similar circumstances in a jury action under subdivision(a)(1)." *United States v. Carolina Eastern Chemical Co.*, 639 F. Supp. 1420, 1424 (D.S.C. 1986) (citing *United States v. 5.77 Acres of Land*, 3 F.R.D. 298 (E.D.N.Y. 1944)). A District Court's decision is reviewed for abuse of discretion. *O'Bright*, 9 Fed. Appx.at 230. Rule 59 of the Federal Rules of Civil Procedure requires that a "motion for a new trial shall be filed no later than 10 days after entry of the judgment."

### III. Analysis

1) <u>Involuntary Dismissal</u>

The Plaintiff's claims can be involuntarily dismissed under only "[f]or failure of the plaintiff to prosecute or to

5

comply with these rules or any order of court." Fed. Rules. Civ. Pro. R. 41. Given that this Motion arises after a bench trial, there can be no question that Plaintiff has faithfully prosecuted its claims. Defendant alleges a failure of Plaintiff to comply with Rule 26 of the Federal Rules, apparently regarding Plaintiff's failure to request disclosure of documentation of Defendant's specific profit and loss statements. Def's Mot. for Involuntary Dismissal with Prejudice or Mot. for a New Trial at 2, fn. 2; Decl. of Catherine Snyder in Opp'n to Pl's Mot. to Voluntarily Dismiss Certain Claims. Because Plaintiff was seeking statutory damages, specific evidence of actual loss or profit was not required, and failure to request disclosure of that information was in no way a failure to comply with Rule 26. Defendant also argues that Plaintiff's evidentiary disclosures, which listed the dresses previously obtained from the Defendant, were inadequate because they did not include pictures. Rule 26 requires parties to disclose "an appropriate identification of each document or other exhibit." Fed. R. Civ. Pro. 26(a)(3)(C). Defendant testified before the Court on October 1, 2007 that the dresses offered by Plaintiff were the dresses from her home, as disclosed by Plaintiff, and, although she vehemently objected to the admission of any and all evidence, did not suggest that she was unaware that the dresses were the evidence Plaintiff had alluded to in its disclosures. Additionally, the Plaintiff did

6

not enter into evidence those items which Defendant questioned as parts of other articles of apparel.  Therefore, there is no evidence that Plaintiff in any way violated Rule 26.

This Court will generously construe Defendant's argument to aver that Plaintiff violated this Court's orders by introducing evidence that Defendant acted willfully in carrying out her counterfeiting activities.  Presumably Defendant's argument is that Plaintiff violated the Order issued by this Court on September 24, 2007 granting Plaintiff's Motion to voluntarily dismiss claims of willfulness and contributory infringement.  Defendant argues that the evidence produced by Plaintiff's at trial was improper because it related "solely to the issue of [Defendant's] alleged 'willfulness.'"  Def's Mot. for Involuntary Dismissal with Prejudice or Mot. for a New Trial at 2.  This Court does not find that Plaintiff in any way violated an order by its presentation of evidence of Defendant's counterfeiting activities at a bench trial for the purpose of adducing appropriate statutory damages.

Even were this Court to determine that Plaintiff had violated Rule 26 or an order of this Court, Defendant has failed to meet the burden of demonstrating that the severe sanction of dismissal is warranted.  *Hillig*, 916 F.2d at 174.  Defendant has not shown that her cause has been significantly prejudiced, particularly as she filed this Motion before this Court issued a

final ruling.  Plaintiff has certainly not demonstrated a "history of deliberately proceeding in a dilatory fashion."  *Id.*  If anything, it is Defendant's successive motions and obfuscation which have drawn out these proceedings.  She has certainly made no showing that the drastic sanction of dismissal is warranted in this case.

    2) New Trial

Defendant filed the Motion for a New Trial before this Court had issued the verdict she claims is unfair, making her Motion unripe.  Before a final judgment exists, she cannot claim that it (1) is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice.

In addition, this Court is stymied by Defendant's argument as to her unpreparedness at the October 1, 2007 hearing, apparently an argument that she did not receive an appropriate Roseboro Notice.  Defendant asserts that this Court informed her during a series of teleconferences that "a hearing on damages would occur on October 1, 2007.  At no time during these teleconferences do I recall any mention by the Court that what would occur on October 1, 2007 would be a hearing to introduce evidence or testimony on the issue of damages."  Def's Mot. For Involuntary Dismissal with Prejudice or Mot. For a New Trial at 2.  This Court is at a loss to understand Defendant's argument.

Not only is it clear that she understood that a hearing on damages would occur on October 1, 2007, but the Court asked her during the teleconference whether she understood and if she had any further questions for the Court regarding the proceedings. Failure to clarify questions when given the opportunity cannot give rise to a later claim that the Court did not properly ensure that she understood that information.

### IV. Conclusion

For the foregoing reasons, this Court will DENY Defendant's Motion for Involuntary Dismissal with Prejudice or Motion for a New Trial.

An appropriate Order will issue.


October 10, 2007                         _____/s/_____
Alexandria, Virginia                            James C. Cacheris
                                         UNITED STATES DISTRICT COURT JUDGE